UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN STATES INSULATORS & ALLIED WORKERS PENSION PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>A1 MECHANICAL INSULATION, L.L.C.,<br><br>Defendant. | Case No. 12-cv-04367-JST<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**<br><br>Re: ECF No. 28 |

Before the Court is Plaintiffs' Motion for an Award of Attorneys' Fees and Non-Taxable Costs, ECF No. 28, following this Court's entry of default judgment against Defendant A1 Mechanical Insulation, LLC on May 17, 2013, ECF No. 31.

## I. BACKGROUND

Following a hearing held on April 16, 2013, Chief Magistrate Judge LaPorte issued a Report and Recommendation recommending entry of default judgment and an award of unpaid contributions, liquidated damages, and interest. See ECF Nos. 23, 27. Pursuant to 29 U.S.C. § 1132(g)(2)(D), Judge LaPorte also recommended an award of attorney's fees and costs. Id.

This Court adopted Judge LaPorte's Report and Recommendation and entered default judgment in favor of Plaintiffs and against Defendant A1 Mechanical Insulation, LLC on May 17, 2013, in the amount of $13,655.49. ECF Nos. 31, 32.

Plaintiffs filed their Motion for an Award of Attorney's Fees and Non-Taxable Costs on May 15, 2013. ECF No. 28. Plaintiffs mailed notice of the motion to three of Defendant's addresses that day. ECF No. 29. The deadline for Defendant to respond was May 29, 2013. As of the date of this Order, Defendant has not filed a response or opposed the Motion.

## II. LEGAL STANDARDS

In an ERISA action to enforce payment of delinquent contributions, the Court "shall" award "reasonable attorney's fees and costs." 29 U.S.C. § 1132(g)(2)(D). See Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1342 (9th Cir. 1988) ("The language 'shall

1    award' denotes that such an award is mandatory.  While attorney's fees are discretionary in the

2    case of many ERISA claims, we have recognized on numerous occasions that attorney's fees are

3    not discretionary in section 1132(g)(2) cases.") (citing Operating Engineers Pension Trust v. Reed,

4    726 F.2d 513, 514 (9th Cir.1984); Kemmis I, 706 F.2d 993, 997–98 (9th Cir. 1983)).

5          To calculate attorney's fees awarded pursuant to 29 U.S.C. § 1132(g), district courts utilize

6    a two-step process: first, courts establish a lodestar by multiplying the number of hours reasonably

7    expended on the litigation by a reasonable hourly rate; second, "in rare and exceptional cases, the

8    district court may adjust the lodestar upward or downward using a multiplier based on facts not

9    subsumed in the initial lodestar calculation."  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946

10   (9th Cir. 2007).

11         The party seeking fees bears the burden of documenting the hours expended in the

12   litigation and submitting supporting evidence of those hours and the rates claimed.  See Hensley v.

13   Eckerhart, 461 U.S. 424, 433 (1983).  The reasonable hourly rate is not determined "'by reference

14   to the rates actually charged the prevailing party.'"  Welch, 480 F.3d at 946 (quoting Mendenhall

15   v. Nat'l Transp. Safety Bd., 213 F.3d 464, 471 (9th Cir. 2000)).  Rather, the reasonable hourly rate

16   is established "by reference to the fees that private attorneys of an ability and reputation

17   comparable to that of prevailing counsel charge their paying clients for legal work of similar

18   complexity."  Id. (quotation omitted).  See, e.g., Carson v. Billings Police Dep't, 470 F.3d 889,

19   892 (9th Cir. 2006) (prevailing market rate and not the contract between the applicant attorney and

20   the client "provides the standard for lodestar calculations").  In setting the hourly rate, the Court

21   may consider the affidavits of Plaintiffs' counsel and rate determinations in other cases,

22   "particularly those setting a rate for the plaintiffs' attorney."  United Steelworkers of Am. v.

23   Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).  See also, United Steelworkers of Am. v.

24   Ret. Income Plan For Hourly-Rated Employees of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir.

25   2008) (affirming award of fees where district court relied on affidavits and similar rate

26   determinations in other cases).

27   **III.  ANALYSIS**

28         Plaintiffs request an award of attorneys' fees in the amount of $14,337.50, which

represents an expense of 61.35 hours at an hourly rate of $250 per hour for attorneys and $150 per hour for paralegals. McDonough Decl., ECF No. 28-1 ¶¶ 5–6. In her sworn declaration, Plaintiffs' counsel states that those are market rates for this type of litigation. McDonough Decl. ¶ 2. Attorney McDonough points to three cases in this district in which her firm served as counsel and charged $250 or more per hour for attorneys and $150 or more per hour for paralegals. Id. In addition, Attorney McDonough explains that her law firm is counsel to thirty-five employee benefit plans in the Bay Area, and that it reviews proposals for legal services on behalf of its clients. "In one such review, a union-sponsored benefit fund received five proposals for legal services and the hourly attorney rates in those proposals varied between $245-$275 per hour." Id.

The Court finds that Plaintiffs have met their burden of establishing that their hourly rates of $250 per hour for attorneys and $150 per hour for paralegals are reasonable. Plaintiffs have also adequately documented the hours expended in the litigation and met their burden of establishing that the hours were expended reasonably. See McDonough Decl., Ex. 1 (documenting time spent on litigation). Finally, the Court finds that no deviation from lodestar would be appropriate in this case.

Accordingly, the Court GRANTS Plaintiffs' request for attorneys' fees in the amount of $14,337.50.

The Court also GRANTS Plaintiffs' request for costs in the amount of $119.42, which was incurred and billed to Plaintiffs as the cost of delivering pleadings and other documents to the Court. See McDonough Decl., Exs. 2, 3.

**IT IS SO ORDERED**.

Dated: June 14, 2013

_____
JON S. TIGAR
United States District Judge